IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXPANSION CAPITAL GROUP, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Misc. No. 19-00214 (MN) |
| | ) | |
| MATT PATTERSON, | ) | C.A. No. 18-04135 (RAL) |
| | ) | (District of South Dakota) |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Elizabeth A. Sloan, BALLARD SPAHR LLP, Wilmington, DE – attorney for Plaintiff.

Laurence v. Cronin & Jason Z. Miller, SMITH, KATZENSTEIN, & JENKINS LLP, Wilmington, DE – attorneys for Petitioner Justin Abernathy.

January 3, 2020

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court is a motion ("the Motion") to quash a subpoena directed to non-party petitioner Justin Abernathy ("Petitioner"). (D.I. 1-2). Petitioner also seeks sanctions against the party requesting the subpoena – Expansion Capital Group, LLC ("ECG"). (*Id.*). ECG opposes the motion and request for sanctions. (D.I. 5). For the reasons discussed below, the Court grants Petitioner's motion to quash but denies his request for sanctions.

Petitioner is a Puerto Rican resident who owns a home at 23 W. Essex Street, Fenwick Island, Delaware. (D.I. 3 ¶¶ 4-5). Since he became a Puerto Rican resident in 2015, however, Petitioner typically spends only a few days a year in Delaware for family vacations. (*Id.*). An exception to this arose in late 2017, when Petitioner and his family began staying in their Delaware home while their residence in Puerto Rico was being repaired after sustaining hurricane damage. (D.I. 7 ¶¶ 6-7). By January 2019, however, Petitioner avers that he had returned to living in Puerto Rico. (*Id.*).

ECG is the plaintiff in an ongoing lawsuit in the District of South Dakota (Civil Action Number 18-04135). (D.I. 5 at 2-3). Petitioner is not a party to that suit, but ECG has sought – and continues to seek – his deposition in order to obtain information to be used in that suit. (*Id.*). Thus, on August 9, 2019, ECG served Petitioner in Delaware with a deposition subpoena, while he was at his Fenwick Island home. (D.I. 3 Ex. A). The deposition was to take place in Wilmington, Delaware on September 4, 2019. (*Id.*). Petitioner objected, and the parties attempted to negotiate alternative dates, methods, places, and conditions for the deposition. (*See, e.g.*, D.I. 3, Ex. D). They reached an impasse, however, and Petitioner timely filed this motion to quash on August 30, 2019. (D.I. 1).

Petitioner argues the subpoena must be quashed because he is not a resident of Delaware, he does not regularly conduct business in person in Delaware, complying with the subpoena would require him to travel beyond the geographical limits specified in Federal Rule of Civil Procedure 45(c), and he would face an undue burden if he had to travel from his residence in Puerto Rico to be deposed in Delaware. (D.I. 2 at 1-2, 4-8).

ECG responds that Petitioner does, in fact, regularly transact business in Delaware because he mentioned in a November 2, 2017 email that he was in Delaware "for the time being" while his home in Puerto Rico got "back in shape," "pays taxes in Delaware for his home," "presumably purchases groceries, gas, and makes other financial transactions while living in Delaware," has registered at least two vehicles in Delaware, and has served as a registered agent for and/or owns several business entities in Delaware. (D.I. 5 at 5-6). It also contends that the Court should not quash the subpoena, pursuant to Rule 45(d)(3)(C) of the Federal Rules of Civil Procedure, because it does not present an undue burden for Petitioner and ECG has a substantial need for his testimony.[1] (*Id.* at 6-8).

Under Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, the Court is required, on timely motion, to quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Rule 45(c) limits the Court's subpoena enforcement

---

[1] ECG also argues that the Motion should be denied because Petitioner has failed to comply with the procedural requirement of Federal Rule of Civil Procedure 26(c)(1) to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." (D.I. 5 at 8). That rule, however, applies to protective orders. Moreover, when such certifications are required, this court's local rules provide an exception for non-dispositive motions "brought by nonparties," D. Del. LR 7.1.1, and Petitioner's and ECG's submissions included exhibits indicating that they conferred repeatedly in an attempt to resolve this issue before seeking judicial intervention, (*see, e.g.*, D.I. 3, Ex. D).

powers by requiring that a subpoena "may command a person to attend" a trial, hearing, or deposition only if the location of the trial, hearing, or deposition is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person: (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

Thus, the plain language of rule 45(c) indicates that the court cannot compel a witness to testify at a deposition when the individual must travel more than 100 miles from a place of residence, employment or regular business. *See Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, C.A. No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 29, 2015) (cited with approval in *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, Misc. No. 16-108-SLR, 2016 WL 3606775 at *2 (D. Del. June 30, 2016)); *see also* Fed. R. Civ. P. 45(c); *Regents of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. April 24, 1996) (holding that in considering when a non-party witness may be commanded by subpoena to appear, a court's only consideration is "the burden on the witness of being required to physically appear" (citations omitted)). ECG's argument that the Court may order Petitioner's appearance for deposition under Rule 45(d)(3)(C) based on its need for his testimony, is therefore irrelevant if Wilmington, Delaware is more than 100 miles from Petitioner's place of residence, employment or regular business. Fed. R. Civ. P. 45(d)(3)(A)-(C).

Although ECG presents some evidence that Petitioner is or was a resident of Delaware, it does not argue that he is currently a resident of the state. Moreover, Petitioner has presented his Puerto Rican license, (D.I. 3, Ex. B) and voter registration card (D.I. 7, Ex. A), and submitted an affidavit swearing that he has resided in Puerto Rico since at least January 2019, (D.I. 7 ¶¶ 6-7). None of the evidence ECG has presented – i.e. property information listing Petitioner as the owner and tax-payer for a home on Fenwick Island, registration information for two vehicles associating

them with Petitioner and his Fenwick Island property, documents indicating that he serves as a registered agent for and/or owns several Delaware businesses, and a November 2, 2017 email from Petitioner indicating that he was "living in Delaware for the time being until [his] house in [Puerto Rico was] back in shape," (D.I. 5 at 5-6) – contradicts this. Indeed, the property information on Petitioner's Fenwick Island home and the documents indicating that Petitioner is a registered agent for and/or owns several Delaware entities both list his address as Dorado, Puerto Rico or Washington D.C.[2] (D.I. 5, Affidavit of Rachel R. Mentz Ex. D).

The evidence also indicates that Petitioner is neither employed in Delaware or regularly conducts business in person here. The phrase "regularly conducts business in person" as used in Rule 45(d)(3)(A) "means just what it says." *Halliburton Energy Servs., Inc. v. M-I, LLC*, C.A. No. H06MC00053, 2006 WL 2663948 (S.D. Texas Sept. 15, 2006) (citing *Regents of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996)); *see also Tele Draulic*, 2016 WL 3606775 at *2-4. Petitioner has presented evidence – in the form of his affidavits – that currently, and as of the time he was served the subpoena, he visits Delaware only for a few days a year for family vacations and does not conduct business in person here. (*E.g.*, D.I. 3 ¶ 6). Regularly vacationing is not the same as regularly conducting business in person, and ECG's purported rebuttal evidence – that Petitioner was living here in November 2017, "presumably purchases groceries, gas, and makes other financial transactions while living in Delaware," pays taxes on his home in Delaware, has registered at least two vehicles in Delaware, and serves as a registered agent for and/or owns several Delaware businesses – does not indicate that Petitioner is employed or regularly conducts business in person here.

---

[2] Prior to moving to Puerto Rico, Petitioner apparently resided in Washington, D.C. (D.I. 3 ¶¶ 5-6).

4

First, whether Petitioner was living in Delaware in November 2017 does not indicate whether he was employed or regularly conducting business here in August 2019, and Petitioner has averred that he moved back to Puerto Rico by at least January 2019.

Second, paying taxes, purchasing groceries, buying gas, and carrying out other financial transactions in a state without any connection to a job does not constitute being employed or "conducting business" in that state. *See Halliburton*, 2006 WL 2663948 at *2 (denying motion to quash deposition subpoena for person who regularly traveled to Texas from out of state "to conduct business of behalf of [his employer]"). If it did, as Petitioner points out, any person who owns any property in Delaware or regularly drives through Delaware and stops for gas, a coffee, and an ATM visit at a rest stop could be deposed here. Such interpretations would countervail the entire purpose of Rule 45(c)'s restrictions. *See Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y. Aug. 12, 1998) ("Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify . . ." (quoted with approval in *Tele Draulic*, 2016 WL 3606775 at *2)).

Third, it is unavailing that vehicles owned by Petitioner are or have been registered to his Delaware home and he is a registered agent for and/or owns several Delaware entities. The Court cannot compel a witness to testify at a deposition when the individual must "travel more than 100 miles from a place of residence, employment, or regular business . . . regardless of where the corporate entity itself 'resides.'" *Hermitage*, 2015 WL 728463, at *4; *see also Tele Draulic*, 2016 WL 3606775 at *2 (citing *Hermitage*, 2015 WL 728463, at *4; *Krueger Investments, LLC v. Cardinal Health 110, Inc.*, C.A. No. 12-0618, 2012 WL 3264524, at *3 (D. Ariz. Aug. 9, 2012); *Price Waterhouse*, 182 F.R.D. at 62). Thus, that Petitioner is associated with vehicles and

businesses that "reside" in Delaware does not mean that he is employed or conducts regular business here.

Because Petitioner does not reside, is not employed, and does not regularly conduct business within 100 miles of Wilmington, Delaware, he cannot be compelled to comply with the subpoena. Given his various connections to Delaware, however, sanctions are not justified. Thus, the motion to quash is granted; the request for sanctions is denied.